IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
**F I L E D**

AUG 1 2 2025

Nathan Ochsner, Clerk of Court

STEVEN KOLODGE and
KATHLEEN KOLODGE,
Plaintiffs,

v.

MENARDS MOVING & STORAGE LLC;
JOSEPH MENARD;
GOOD VIEW MOVING & STORAGE LLC,
Defendants.

Civil Action No. TBD

## Verified Complaint for Emergency Injunctive Relief and Damages

### I. INTRODUCTION

This case arises from a deliberate scheme by federally licensed interstate carriers who preyed on an elderly, retired couple during one of the most vulnerable transitions of their lives. Plaintiffs Steven and Kathleen Kolodge entrusted Defendants with over $320,000 worth of household goods, including irreplaceable family heirlooms, vital prescription medications, legal and identity documents, and a 1929 Kimball Grand Piano appraised at $69,000. What followed was not a lawful relocation—it was a campaign of deception, concealment, and coercion executed under the pretense of lawful commerce.

Defendants held themselves out as a legitimate, full-service moving company with federal authority to operate across state lines. In reality, they conducted a bait-and-switch operation—secretly subcontracting the job without notice, using unmarked rental trucks, and providing no updated documentation in violation of federal law. After taking possession of Plaintiffs' belongings on May 28, 2025, Defendants went dark. Weeks passed without delivery. Repeated inquiries were met with contradictory stories: first, a broken-down truck; then, a claim the property was still in Reno. No straight answer was ever given. And no part of the shipment was delivered.

Then came the extortion. Defendants refused to release any portion of Plaintiffs' property—no matter how small—until final payment was made in full, despite having already received thousands of dollars in advance. Elderly and desperate to recover essential items, Plaintiffs were forced to pay the outstanding balance under duress, with no guarantee they would receive

anything. Only then, and only after nearly a month had passed, did Defendants make a partial delivery—in disarray, intermixed with other people's property, and critically incomplete.

Entire categories of high-value and life-critical property remain missing: prescription medications, medical equipment, financial and legal documents, family photo albums, and the Kimball Grand Piano. As of this filing, Defendants have refused to identify the current location of these goods or explain their disappearance. They have ceased all communication. Their conduct is not mere negligence—it is concealment, fraud, and conversion under color of federal licensure.

Plaintiffs invoke the full protection of federal and state law: the Carmack Amendment, federal motor carrier regulations, the Texas Deceptive Trade Practices Act, and civil RICO. These statutes were created precisely to prevent abuse like this—where consumers are left powerless, misled, and stripped of the most basic right to possess their own property. What happened here is not a private contract dispute. It is a public harm enabled by federal licenses, inflicted on elderly consumers, and deserving of immediate and forceful judicial intervention.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to:
(a) 28 U.S.C. § 1331, as this action arises under the laws of the United States, including the Carmack Amendment (49 U.S.C. § 14706);
(b) 28 U.S.C. § 1337, as the matter involves interstate commerce regulated by federal statute;
(c) 28 U.S.C. § 1367, as supplemental jurisdiction exists over Plaintiffs' state-law claims; and
(d) 18 U.S.C. §§ 1961–1968 (RICO), as the Defendants engaged in a pattern of racketeering activity.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this District. Specifically, Defendants failed to deliver the household goods to Plaintiffs' residence in Conroe, Texas, located within the Southern District of Texas.

Personal jurisdiction over Defendants exists because they regularly conduct business in the state of Texas, including the solicitation of moving services, execution of contracts with Texas residents, and delivery or attempted delivery of goods within this District.

## III. PARTIES

Plaintiff Steven Kolodge is an individual residing at 1856 Velvet Oak Lane, Conroe, Texas 77301. He is a victim of the events described in this Complaint and brings this action individually and on behalf of his co-residing family member, Kathleen Kolodge.

Plaintiff Kathleen Kolodge is an individual residing at the same address in Conroe,

Texas, and is a joint owner of the property that was taken, concealed, or destroyed by Defendants. She joins in this action as co-Plaintiff.

Defendant Menards Moving & Storage LLC is a limited liability company organized under the laws of Florida, with its principal business address at 6801 Lake Worth Road, Greenacres, Florida 33467. It is registered with the FMCSA under USDOT #4072455 and MC #1547461, and advertises itself as a household goods carrier providing interstate moving services.

Defendant Joe Menard is the owner and operator of Menards Moving & Storage LLC and exercises day-to-day control over the company's business practices. He is sued in both his individual and representative capacity due to his personal involvement in the events giving rise to this Complaint, including verbal abuse directed at Plaintiffs, misrepresentation of delivery details, and refusal to take corrective action after being notified of the unlawful conduct. Upon information and belief, he resides in the state of Florida.

Defendant Good View Moving & Storage LLC is a limited liability company organized under the laws of New Jersey, registered with the FMCSA under USDOT #3921793 and MC #1459967. Good View was assigned or subcontracted to complete delivery of Plaintiffs' property without Plaintiffs' prior knowledge or written consent, in violation of federal regulation.

At all relevant times, each Defendant acted as the agent, contractor, affiliate, partner, alter ego, or authorized representative of the other, and the acts and omissions of one Defendant are attributable to all other Defendants under principles of agency, joint enterprise, and common control.

## IV. FACTUAL ALLEGATIONS

In March 2025, Plaintiffs Steven and Kathleen Kolodge, an elderly, retired couple, entered into a contract with Menards Moving & Storage LLC for full-service, interstate transportation of their household goods from Verdi, Nevada to Conroe, Texas. The shipment included over $320,000 in personal property, including critical medical devices, prescription medications, financial and legal records, antique furniture, irreplaceable family heirlooms, and a 1929 Kimball Grand Piano appraised at $69,000.

Menards issued a binding estimate and required an advance payment of approximately $6,000. The Defendants promised professional, door-to-door service by federally licensed carriers, with delivery to occur within five business days of pickup—no later than June 2, 2025.

On May 28, 2025, two trucks arrived for pickup. One bore a USDOT number. The other was an unmarked Penske rental with no visible federal registration—an immediate red flag. At no point prior to pickup did Menards disclose that it had subcontracted the job to Good View Moving & Storage LLC, a third-party carrier based in New Jersey. No written consent was sought or received. No revised documentation was issued, in direct violation of 49 CFR § 375.403.

After Defendants took full custody of the shipment, Plaintiffs heard nothing. Menards ignored calls. Good View deflected. The promised delivery deadline passed without explanation. Plaintiffs were left without clothing, medicine, medical supplies, or identification—essential items that were now in the hands of untraceable carriers.

When communication finally resumed, it was incoherent and contradictory. First, Menards claimed the truck had broken down. Then they claimed the property never left Reno. Then they insisted it was "in transit." In one message dated June 17, Menards identified the shipment's location as **2075 Valley Road, Reno, NV 89512**—a storage facility. Yet on July 1, they stated: *"Your items are being loaded onto the truck now and will be in transit by this evening... The driver will 100% call 24 hours before delivery."* No such call ever came. No delivery followed.

Meanwhile, Good View's representative Amy gave Plaintiffs a different version altogether, claiming the truck had broken down in New Mexico, not Nevada. Amy also promised that Plaintiffs would be compensated daily for each day the shipment was delayed. That promise, too, was false. When asked to honor it, Menards replied: *"I can't speak to the compensation from their company. Please refer to Amy."*

Every attempt to get a straight answer resulted in deflection. One Menards representative told Plaintiffs to contact "Katie." Nine voicemails were left. None were returned. Another representative, Liz, told Plaintiffs: *"Please reach out to Katie for further assistance. I am no longer working in the customer service department."* At no point did any agent of Menards or Good View take responsibility or provide documentation of the missing property's whereabouts.

On June 25, nearly a month after the pickup, a partial shipment was finally delivered—only after Defendants demanded final payment in full. Plaintiffs were coerced into paying the remaining balance under duress, simply to recover any portion of their goods. The shipment was incomplete, chaotic, and damaged. Items from unknown third parties were intermingled. Family photo albums were missing. Medical devices were gone. Legal documents were not included. And the Kimball Grand Piano—photographed in the hands of the movers during pickup—was nowhere to be found.

Since that time, both Menards and Good View have ceased answering telephone calls from Plaintiffs altogether. Multiple calls placed to each company, on different days and at varying times, now go unanswered. Plaintiffs are left with no working point of contact to initiate or process the insurance claims expressly provided for under the governing contracts. This total communication blackout serves no legitimate business purpose; rather, it is a calculated measure to deprive Plaintiffs of contractual remedies and further conceal the status and location of their property.

As of the filing of this Complaint, Defendants continue to withhold over one-third of Plaintiffs' property, including essential items and irreplaceable assets. They have refused to provide a manifest, a delivery log, a warehouse address, or any explanation whatsoever. Defendants have gone silent—except to reroute Plaintiffs from one nameless or unreachable contact to another.

Plaintiffs documented all text messages and recorded multiple phone calls. The result is a damning record of false promises, evasion, and intentional concealment across state lines by licensed carriers operating in knowing violation of federal law.

This is not a lost shipment. It is an ongoing conversion. It is a pattern of fraud. And it is a deliberate abuse of the federal regulatory structure that is supposed to protect eldely consumers like the Kolodges—not make them targets.

## V. CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF THE CARMACK AMENDMENT, 49 U.S.C. § 14706

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 31 as though fully set forth herein.

Defendants, as interstate motor carriers of household goods for hire, are strictly liable under the Carmack Amendment for the loss, damage, or failure to deliver Plaintiffs' property during interstate transport.

Defendants failed to deliver Plaintiffs' goods in whole or in good condition, resulting in extensive and ongoing loss, including the disappearance of a one-of-a-kind 1929 Kimball Grand Piano valued at $69,000, legal documents, and essential belongings.

Plaintiffs seek the full actual value of all lost and damaged items, plus costs, interest, and all remedies available under 49 U.S.C. § 14706.

### COUNT II – CONVERSION

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 35.

Defendants intentionally and wrongfully exercised dominion and control over Plaintiffs' personal property by withholding, concealing, and refusing to return or disclose its location, even after payment.

This conduct constitutes "true conversion" under federal and Texas law, and was done knowingly, maliciously, and without lawful justification.
39. Plaintiffs are entitled to the return of all property or its value, plus punitive damages.

### COUNT III – BREACH OF BAILMENT

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 39.41. Plaintiffs delivered possession of their goods to Defendants under an agreement of bailment, with the understanding that the goods would be transported and returned safely.

Defendants breached that duty by failing to return Plaintiffs' property, failing to

safeguard it from loss and damage, and failing to communicate its whereabouts.

## COUNT IV – DECEPTIVE TRADE PRACTICES (TEX. BUS. & COM. CODE § 17.46)

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 42.

Defendants represented that services had characteristics and benefits they did not have; specifically, full-service delivery, valuation protection, licensed personnel, and accountability.

Defendants knowingly engaged in false, misleading, and deceptive acts including bait-and-switch contracting, unauthorized subcontracting, and misrepresentation of payment status.

These violations entitle Plaintiffs to actual damages, treble damages under DTPA, and attorneys' fees.

## COUNT V – BREACH OF CONTRACT

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 46.

Plaintiffs entered into a binding agreement with Menards for professional, full-service transport.

Menards breached the contract by subcontracting delivery without notice, failing to meet the delivery deadline, demanding unauthorized payments, and failing to deliver a complete shipment.

## COUNT VI – NEGLIGENCE AND GROSS NEGLIGENCE

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 49.

Defendants owed Plaintiffs a duty to use ordinary care in the transportation, handling, and delivery of household goods.

Defendants breached this duty through reckless and grossly negligent acts, including using unmarked trucks, abandoning items, intermixing unrelated customers' property, and ignoring reports of missing goods.

Defendants' gross negligence justifies an award of exemplary damages.

## COUNT VII – UNJUST ENRICHMENT

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 53.

Defendants' retention of these funds without completing the delivery or returning the goods constitutes unjust enrichment under Texas law.

## COUNT VIII – FRAUDULENT MISREPRESENTATION

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 56.

Defendants knowingly misrepresented delivery dates, payment statuses, and who was in possession of the goods.

Plaintiffs reasonably relied on these false representations, resulting in significant financial and personal harm.

## COUNT IX – RICO VIOLATIONS (18 U.S.C. §§ 1961–1968)

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 59.

Defendants Menards and Good View, acting in concert, engaged in a pattern of racketeering activity, including:
- Wire fraud (18 U.S.C. § 1343): false texts about payment and delivery, sent across state lines;
- Mail fraud (18 U.S.C. § 1341): documents sent to and from Plaintiffs under false pretenses;
- Interstate transport of stolen property (18 U.S.C. § 2314): concealing or relocating Plaintiffs' goods across state lines without authorization.

Defendants have engaged in these or similar acts with other victims nationwide, as evidenced by verified complaints with the BBB, online reviews, and consumer protection forums.

These acts constitute a pattern of racketeering activity under 18 U.S.C. § 1961(5), and Plaintiffs are entitled to treble damages and equitable relief under § 1964(c).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Steven Kolodge and Kathleen Kolodge respectfully request that this Court enter judgment in their favor and against Defendants Menards Moving & Storage LLC, Good View Moving & Storage LLC, and Joe Menard, jointly and severally, and award the following relief:

1. A Temporary Restraining Order (TRO) and Preliminary Injunction compelling Defendants to:
a. Immediately disclose the current location of all Plaintiffs' property;
b. Cease and desist from moving, transferring, damaging, concealing, or disposing of any

of Plaintiffs' goods;
c. Return all goods, in full and undamaged condition, to Plaintiffs within seven (7) calendar days;

2. Compensatory damages for loss, damage, and destruction of property, in an amount exceeding $250,000;
3. Treble damages as allowed under RICO (18 U.S.C. § 1964) and the Texas Deceptive Trade Practices Act (DTPA);
4. Exemplary and punitive damages for gross negligence, conversion, and fraud;
5. Attorneys' fees and costs incurred in this action;
6. Pre-judgment and post-judgment interest at the maximum rate allowed by law;
7. Any and all other relief to which Plaintiffs may be justly entitled in law or equity.

## VII. JURY DEMAND

8. Plaintiffs hereby demand a trial by jury on all issues so triable.

**Respectfully submitted,**

_____
Steven Kolodge

/s/ Kathleen Kolodge
Kathleen Kolodge

1856 Velvet Oak Lane
Conroe, TX 77301
kolodgefam@gmail.com
775-313-6005


Dated: August 11, 2025


## VERIFICATION

I, **Steven Kolodge**, declare under penalty of perjury under the laws of the United States of America that the foregoing Verified Complaint is true and correct to the best of my knowledge, information, and belief.
Executed on this 11 August, 2025.
Conroe, Texas

_____
**Steven Kolodge**

I, **Kathleen Kolodge**, declare under penalty of perjury under the laws of the United States of America that the foregoing Verified Complaint is true and correct to the best of my knowledge, information, and belief.

Executed on this 11 August 2025.
Conroe, Texas.

*Kathleen Kolodge* (signature)
**Kathleen Kolodge**

# Exhibit A

## Text Message Correspondence with Moving Company





Payment details

$1,000.00

Sent to
moving company
service@fasttransportation.info

Completed

**Sent on**
05/28/2025

**Enrolled as**
FAST TARNSPORTATION LLC

**Pay from**
Bills ...4089

**Confirmation**
WFCT0YVRCP2Q



$1,000 sent.



Copy that

**Exhibit A**

Text Message Correspondence with Moving Company

+1 (224) 877-0208

...transaction goes smoothly.

Gotcha will do

Thu, May 29 at 5:54 AM

Mike, is your credit card system back up?

Thu, May 29 at 7:26 AM

Not yet
Edited

Please confirm sending 1000$

It was sent

The 2nd payment yes ?

Yes

# Exhibit A

Text Message Correspondence with Moving Company



+1 (224) 877-0208

Thu, May 29 at 3:27 PM

> How are we looking? Did they make it to Vegas?

I'll find out and I told them to switch teams , please u have to complete the payment via Zelle tonight

U should call ur bank and increase ur limit , everyone get 2500 usually a day



Enter amount

Send to moving company
Enrolled as FAST TARNSPORTATION LLC

$0.00

**Exhibit A**

Text Message Correspondence with Moving Company

+1 (224) 877-0208

> It is a $1000 a day limit to your company. I did call and they said Zelle sets the limit.

I believe u but that's weird why they limit yo with 1K

Fri, May 30 at 5:21 AM

> Sent another $1000. That leaves $887.50. Please confirm your receipt. Also, we need an update of the location of our things.

Fri, May 30 at 7:21 AM

Morning

What was the account name u sent

They can't find it

# Exhibit A

### Text Message Correspondence with Moving Company



+1 (224) 877-0208

Let me sent it to them

How can they find the last two but not this one? Please confirm when you know.

Fri, May 30 at 6:12 PM

Mike, we are at $3000. I will send $8875 in the morning and I would appreciate an update.

Fri, May 30 at 9:13 PM

Hi sorry for the delay yes 3rd 1000$ was received, was super busy day and couldn't reply to u

No problem, please let me know where the trucks are tomorrow morning.

# Exhibit A

Text Message Correspondence with Moving Company






+1 (224) 877-0208

Is a big truck and speed is limited

Sat, May 31 at 7:25 AM

$887.5 sent

1 Reply

Sat, May 31 at 9:34 AM

Missed ur call, I'll call u back



$887.5 sent

Received

Can I call you later?

Sun, Jun 1 at 5:20 PM

Mike, tomorrow morning will you

# Exhibit A

### Text Message Correspondence with Moving Company



+1 (224) 877-0208

Mon, Jun 2 at 7:04 AM

> Good Morning, can you please provide an update? I understand you don't do delivery. On Saturday you mentioned you would call the delivery supervisor and I did not hear back from you.

Mon, Jun 2 at 9:11 AM

> Good morning, sorry can't talk right now

> I did talk with the dispatcher and he say will follow up with u

> I'll notify them again today and please reach out to them from ur side

> No problem. We have been calling

# Exhibit B

Photo of Property Damage (Paint Spill, Garage Area)




**Exhibit D**

Zelle Payment Screenshot (Contained in Messages)