IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 12 2025

Nathan Ochsner, Clerk of Court

STEVEN KOLODGE and
KATHLEEN KOLODGE,
Plaintiffs,

v.                                                  Civil Action No. TBA

MENARDS MOVING & STORAGE LLC;
JOSEPH MENARD;
GOOD VIEW MOVING & STORAGE LLC,
Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF THIS COURT:

This is a case of deliberate concealment, coercion, extortion, and systemic fraud in the interstate household goods moving industry. The Defendants—licensed federal carriers—took custody of over $320,000 in personal property belonging to an elderly, retired couple and have systematically lied, delayed, and obstructed recovery of that property. Though a partial delivery was eventually made on June 25, 2025, it only occurred after Plaintiffs were coerced into making final payment under duress. That shipment arrived damaged, disorganized, intermixed with unknown third-party items, and missing over one-third of Plaintiffs' property—including essential and irreplaceable assets such as prescription medications, a CPAP device, family heirlooms, legal and financial documents, and a rare 1929 Kimball Grand Piano appraised at $69,000.

Since that delivery, Defendants have refused to explain where the remaining property is, have offered contradictory and provably false statements, and have ceased all communication. Defendants continue to conceal, withhold, or refuse to identify the location of Plaintiffs' personal property despite full payment and repeated requests. Their conduct meets every element required for emergency relief under Rule 65.

This Memorandum explains why Plaintiffs are entitled to immediate judicial intervention: a Temporary Restraining Order compelling Defendants to disclose the location of Plaintiffs' property, prevent its further movement or damage, and enforce delivery of the remaining goods.

# I. INTRODUCTION

This is not a billing dispute. It is not a delay caused by weather, miscommunication, or isolated negligence. This is a federal fraud and concealment case involving licensed interstate movers who used their authority to obtain high-value household goods, subcontracted delivery in violation of federal regulation, made conflicting and false statements about shipment location, and ultimately refused to disclose the current whereabouts of over $100,000 in missing property—all after receiving full payment.

On May 28, 2025, Menards Moving & Storage LLC took possession of the Kolodge family's belongings in Verdi, Nevada, using two trucks—one of which was an unmarked Penske rental vehicle with no USDOT number or disclosure. Menards never informed Plaintiffs that it had secretly subcontracted delivery to Good View Moving & Storage LLC, a New Jersey-based carrier, violating 49 CFR § 375.403(a)(6)(ii).

After pickup, the delivery deadline passed without any delivery or credible communication. Defendants cycled through excuses: first, a mechanical breakdown; then, that the goods never left Reno. In a June 17 message, Menards stated the shipment was at 2075 Valley Road, Reno, NV. On July 1, the same representative claimed: *"Your items are being loaded onto the truck now and will be in transit by this evening."* No such delivery occurred.

When Defendants finally arranged a partial delivery on June 25—nearly a month after pickup— they did so only after coercing final payment. Plaintiffs were left with no alternative but to comply under duress to recover any part of their belongings. That shipment was missing essential categories of property: prescription medications, identity documents, family photo albums, and the Kimball Piano.

Despite repeated calls, texts, and recorded voicemails, no Defendant has disclosed the whereabouts of the remaining items or produced a manifest, log, or tracking detail. This conduct is not merely noncompliant. It is unlawful concealment and obstruction of rights protected by federal and state law.

# II. LEGAL STANARD

To obtain a Temporary Restraining Order and Preliminary Injunction under Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs must demonstrate:

1. A substantial likelihood of success on the merits;
2. A substantial threat of irreparable harm if the injunction is not granted;
3. That the threatened injury outweighs any damage the injunction may cause the opposing party; and
4. That the injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

Courts routinely grant emergency injunctive relief where the unlawful withholding of unique or critical property threatens irreversible loss or when delay would render the ultimate remedy ineffective. *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328 (5th Cir. 1981); *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

# III. ARGUMENTS AND AUTHORITIES

### A. Plaintiffs Are Substantially Likely to Succeed on the Merits

Plaintiffs are highly likely to prevail under multiple legal theories.

- **Carmack Amendment (49 U.S.C. § 14706):** Defendants, as motor carriers in interstate commerce, are strictly liable for lost or damaged property. More than one-third of Plaintiffs' goods—including a $69,000 piano—remain unreturned with no explanation.
- **49 CFR § 375.403(a)(6)(ii):** Defendants unlawfully subcontracted delivery to Good View without prior written consent or revised documentation. Plaintiffs were never told about the subcontractor until after the fact.
- **49 CFR § 375.209(c):** Defendants refused to disclose the location of Plaintiffs' goods after direct inquiries. Messages documented in the record show explicit denials and false statements about location and delivery.
- **Texas Deceptive Trade Practices Act (Tex. Bus. & Com. Code § 17.46):** Defendants made material misrepresentations regarding delivery dates, staffing, and valuation protection. They accepted payment while knowingly providing false assurances.
- **Common Law Claims (fraud, conversion, unjust enrichment):** Plaintiffs were coerced into final payment without disclosure of the property status. Delivery was partial, unauthorized parties were involved, and no lawful basis exists for ongoing retention of Plaintiffs' property.
- **RICO (18 U.S.C. §§ 1961–1968):** Defendants' use of wire and interstate communications to perpetuate a pattern of fraud—including false texts, concealment of property, and misrepresentations about transport—supports a colorable RICO claim.

Each of these violations is independently actionable. Together, they form a cohesive and damning record of unlawful conduct.

### B. Risk of Irreparable Harm; the Balance of Equities Favors Plaintiffs

The harm is ongoing, escalating, and cannot be remedied by monetary damages alone. The missing items include:

- Prescription medications and medical devices
- Identity and legal documents
- Irreplaceable family heirlooms
- A $69,000 Kimball Grand Piano

No remedy short of recovery and preservation will protect Plaintiffs. Their property has already been delayed for two months. Continued inaction will result in permanent loss, sale, or damage. The Fifth Circuit has consistently held that such circumstances qualify as irreparable harm. *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 810 (5th Cir. 1989).

Moreover, Defendants have not asserted any legitimate interest in retaining the goods. They were paid in full. Their refusal to communicate or disclose location is not a commercial dispute—it is coercion, plain and simple.

### C. The Public Interest Demands Judicial Intervention

This case implicates far more than two consumers. It exposes a pattern of abuse by federally licensed carriers exploiting regulatory loopholes and consumer vulnerability. The U.S.

Department of Transportation and FMCSA have clear rules designed to prevent this exact behavior.

The public interest in this matter is acute:

- Preventing concealment and destruction of property
- Enforcing disclosure and transparency by federally licensed carriers
- Deterring future misconduct by interstate movers

As courts have noted, "[t]he public has a strong interest in ensuring that laws governing interstate commerce are not exploited or evaded by unscrupulous actors." *Transp. All. Bank v. Arrow Trucking Co.*, 2009 WL 4826620, at *5 (N.D. Tex. Dec. 15, 2009).

## IV. CONCLUSION

Defendants took custody of over $320,000 in property from an elderly couple. They lied, subcontracted in secret, coerced payment, delivered a damaged partial shipment, and now refuse to account for the rest. Every day that passes increases the chance of permanent loss. This Court is the last barrier between recovery and total destruction of Plaintiffs' belongings.

Plaintiffs respectfully request that this Court issue a Temporary Restraining Order requiring Defendants to:

Respectfully submitted,

_____
Steven Kolodge

_____
Kathleen Kolodge

1856 Velvet Oak Lane
Conroe, TX 77301
kolodgefam@gmail.com 775-313-6005

Dated: August 12, 2025

**Good View Moving & Storage LLC**

490 Riverview Drive
Totowa, NJ 07512

We declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

_____
Steven Kolodge

_____
Kathleen Kolodge

Dated: August 12, 2025
Conroe, Texas