United States District Court
Southern District of Texas
**ENTERED**
November 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN KOLODGE AND KATHLEEN KOLODGE, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-25-3763 |
| MENARDS MOVING & STORAGE, LLC, *et. al.*, | § § § § | |
| Defendants. | | |

## ORDER

Pending before the Court is Defendant Goodview Moving & Storage LLC's Motion to Dismiss Plaintiffs' Verified Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Document No. 12). Having considered the motion, submissions, and applicable law, the Court determines that the pending motion should be granted.

## I. BACKGROUND

This is a case regarding an alleged breach of contract. In March of 2025, *pro se* Plaintiffs Steven Kolodge and Kathleen Kolodge entered into a contract with Defendant Menards Moving & Storage LLC and Goodview Moving & Storage, LLC ("Goodview"), "for interstate transportation of their household goods from Verdi,

Nevada to Conroe, Texas."[1] Plaintiffs allege that the moving shipment contained over $320,000.00 in personal property, "including critical medical devices, prescription medications, antique furniture, and a 1929 Kimball Grand Piano appraised at $69,000."[2] Plaintiffs further allege that Defendants failed to adhere to the agreed upon delivery deadline or deliver all of Plaintiffs' property to the agreed upon final destination.

Based on the foregoing, on August 12, 2025, Plaintiffs filed suit, *pro se,* in this Court pursuant to federal question jurisdiction alleging claims for: (1) violations of 49 U.S.C. § 14706; (2) conversion; (3) breach of bailment; (4) violations of the Texas Deceptive Trade Practices Act; (5) breach of contract; (6) negligence; (7) unjust enrichment; (8) fraudulent misrepresentation; and (9) numerous RICO violations.[3] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). On September 15, 2025, Plaintiffs filed a notice of voluntary dismissal with respect to Defendants Joseph Menard and Menards Moving & Storage, LLC, leaving only Defendant Goodview Moving & Storage, LLC

---

[1] *Plaintiffs' Verified Complaint for Emergency Injunctive Relief and Damages,* Document No. 1 at 3.

[2] *Plaintiffs' Verified Complaint for Emergency Injunctive Relief and Damages,* Document No. 1 at 3.

[3] *Plaintiffs' Verified Complaint for Emergency Injunctive Relief and Damages,* Document No. 1 at 5–7.

remaining in this matter.[4] On September 16, 2025, Goodview moved to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. STANDARD OF REVIEW

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Where, as here, a defendant supports its argument for lack of jurisdiction with evidence, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williams v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled

---

[4] *See Plaintiffs' Notice of Voluntary Dismissal*, Document No. 11 at 1.

to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Goodview move to dismiss Plaintiffs' complaint, contending that Plaintiffs' claims are both moot under Federal Rule of Civil Procedure 12(b)(1), and insufficient as pled under Federal Rule of Civil Procedure 12(b)(6). The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Goodview primarily contends that Plaintiffs' claims are rendered moot because full delivery of the Plaintiffs' goods occurred on August 23, 2025, before service was effectuated upon Goodview. Goodview contends that the core of Plaintiffs' complaint seeks injunctive relief to locate, disclose, and return the Plaintiffs' goods, which no longer remain undelivered. Goodview also notes for the Court attempts to compensate the Plaintiff for the delay in delivery, referencing a refund offered to Plaintiffs in the amount of $1,325.00 that was ultimately refused by the Plaintiffs. Goodview closes its argument by stating "no goods remain undelivered, no concealment, persists, and any delay is compensable per the terms of the parties' written agreement."[5] In response, Plaintiffs concede that their goods were eventually delivered by Goodview, but further contend that several items arrived damaged. Plaintiffs argue that they have "photographic evidence and contemporaneous communications documenting this reckless mishandling," yet fail to provide the Court any detail or specificity regarding what items were allegedly damaged during the move.[6]

Accordingly, based on the parties' admissions that Plaintiffs' property was ultimately delivered, and Plaintiffs' failure to allege any outstanding imminent or

---

[5] *Defendant Goodview Moving & Storage LLC's Motion to Dismiss Plaintiffs' Verified Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)*, Document No. 12 at 6.

[6] *Plaintiffs' Opposition to Defendant's Motion to Dismiss*, Document No. 15 at 7.

irreparable harm with the necessary specificity outlined by the Federal Rules of Civil Procedure, the Court determines that Plaintiffs' claims against Goodview are moot under Federal Rule of Civil Procedure 12(b)(1). Accordingly, having considered the pending motion, submissions, and applicable law, the Court determines that Goodview's pending motion to dismiss should be granted.[7]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Goodview Moving & Storage LLC's Motion to Dismiss Plaintiffs' Verified Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Document No. 12) is **GRANTED**. The Court further

**ORDERS** that Plaintiffs Steven Kolodge and Kathleen Kolodge's claims against Defendant Menards Moving & Storage, LLC are **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this __13__ day of November, 2025.

_____
DAVID HITTNER
United States District Judge

---

[7] Considering the Court's finding that Goodview's pending motion to dismiss should be granted pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court declines to consider Goodview's arguments related to Federal Rule of Civil Procedure 12(b)(6)